## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RONNIE J. JOHNSON,

      Petitioner,

v.                                                           Case No.   8:20-cv-693-T-02AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

      Mr. Johnson, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 6). Mr. Johnson opposes the motion (Doc. 7). Upon consideration, the motion to dismiss will be granted.

### Procedural Background

      Mr. Johnson was convicted of four drug offenses and sentenced to 30 years in prison (Doc. 6-2, Exhibits 2, 3). His convictions and sentences were affirmed on appeal on July 6, 2007 (Id., Exhibit 6).

      Mr. Johnson filed a Motion for Reduction or Modification of Sentence on September 11, 2007, in the state circuit court (Id., Exhibit 8). The motion was denied on February 18, 2008 (Id., Exhibit 9). Mr. Johnson did not appeal.

      On August 15, 2008, Mr. Johnson filed a Motion for Post-Conviction Relief under Rule. 3.850, Florida Rules of Criminal Procedure (Id., Exhibit 10). The final order denying the motion was entered on November 15, 2010 (Id., Exhibit 15). The denial was affirmed on appeal on

September 14, 2011 (Id., Exhibit 18), and the appellate court mandate issued on October 6, 2011 (Id., Exhibit 19).

On January 22, 2012, Mr. Johnson filed a Motion to Correct Illegal Sentence (Id., Exhibit 20). The motion was denied on February 2, 2012 (Id., Exhibit 21). The denial was affirmed on appeal on October 12, 2012 (Id., Exhibit 24), and the appellate court mandate issued on November 13, 2012 (Id., Exhibit 25). His federal habeas petition was filed in this Court on March 23, 2020 (Doc. 1, p.1).

### Discussion

Respondent moves to dismiss the petition as time barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Mr. Johnson's judgment became final.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Mr. Johnson's convictions were affirmed on appeal on July 6, 2007, his judgment of conviction became final 90 days later, on October 4, 2007, when the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. See Sup.Ct. R. 13(3) ("[t]he time to file a petition for ... writ of certiorari runs from the date of entry of the

judgment or order sought to be reviewed, and not from the issuance date of the mandate ....");
*Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir.2006) (stating the 90–day period begins to run from the date of entry of judgment and not the issuance of the mandate).

Mr. Johnson therefore had one year from October 4, 2007, in which to file a timely federal habeas petition under § 2254. His federal habeas petition was signed on March 23, 2020, more than twelve years after his conviction became final. Accordingly, unless the limitations period was tolled for a sufficient period of time by properly filed state court post-conviction applications, his federal petition is time-barred.

Mr. Johnson's three state post-conviction motions tolled the AEDPA's limitations period. However, the limitations period never was tolled after November 13, 2012, the date on which the appellate court mandate issued after the affirmance of the denial of Mr. Johnson's third and final post-conviction motion. Accordingly, Mr. Johnson's federal petition clearly is untimely because it was not filed before November 13, 2013.

Mr. Johnson concedes that his petition is untimely (Doc. 1, p. 14). He argues, however, that the Court can review the claims in his petition because he is actually innocent of the crimes for which he was convicted (Id., p. 15).

The AEDPA's one-year limitations bar can be overcome if a petitioner makes a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."). However, that showing requires the petitioner to identify new

evidence demonstrating actual innocence. *Id*. at 399.

Mr. Johnson has not made a credible showing of actual innocence. He identifies no new evidence of actual innocence. Rather, he argues that his "issue[s] merit a response, even without any new evidence." (Doc. 7, p. 1). The Court disagrees. The law is clear that a petitioner must present new evidence of actual innocence to invoke the exception to the statute of limitations bar. *See McQuiggin*, 569 U.S. at 399 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner '*must* show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (emphasis added)); *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (the actual-innocence-gateway exception requires new reliable evidence) (citations omitted). Accordingly, Mr. Johnson's petition is time-barred.

Mr. Johnson's petition for a writ of habeas corpus (Doc. 1) is therefore **DISMISSED**. The Clerk shall enter judgment against Mr. Johnson and close this case.

### Certificate of Appealability Denied

 A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v.*

4

*Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Johnson cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on July 13, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Ronnie J. Johnson, *pro se*
Counsel of Record